696 F.2d 202
 112 L.R.R.M. (BNA) 2125
 STATE OF NEW YORK, DIVISION OF MILITARY AND NAVAL AFFAIRS
(ALBANY, NEW YORK), and The Department of Defense,
Petitioners-Cross-Respondents,
v.
FEDERAL LABOR RELATIONS AUTHORITY (Boston, Massachusetts),
Respondent-Cross- Petitioner.
 Nos. 138, 139, Dockets 82-4072, 82-4090.
 United States Court of Appeals,
Second Circuit.
 Argued Oct. 21, 1982.
Decided Dec. 10, 1982.
 
 1
 Marc Richman, Atty., Appellate Staff, Civ. Div., Dept. of Justice, Washington, D.C. (J. Paul McGrath, Asst. Atty. Gen., William Kanter, Atty., Appellate Staff, Civ. Div., Dept. of Justice, Joseph R. Reyna, Atty., National Guard Bureau, Washington, D.C., of counsel), for petitioner-cross-respondent.
 
 
 2
 William E. Persina, Atty., Federal Labor Relations Authority, Washington, D.C. (Steven H. Svartz, Acting Sol., Federal Labor Relations Authority, Washington, D.C., of counsel), for respondent-cross-petitioner.
 
 
 3
 Drennan A. Clark, Col., Nevada Air National Guard, State Judge Advocate, Nevada Military Dept., Carson City, Nev., for amicus curiae Adjutants General Ass'n of the United States.
 
 
 4
 Meranze, Katz, Spear & Wilderman, Philadelphia, Pa. (Bernard N. Katz, Leonard Spear and Bruce E. Endy, Philadelphia, Pa., of counsel), for amicus curiae New York State Council, Ass'n of Civilian Technicians, Inc.
 
 
 5
 Before OAKES and WINTER, Circuit Judges, and METZNER, District Judge.*
 
 METZNER, District Judge:
 
 6
 The petitioner, State of New York, Division of Military and Naval Affairs (National Guard), seeks review of an order of the Federal Labor Relations Authority (FLRA). The order stated that the National Guard had engaged in an unfair labor practice and required the National Guard to include in its collective bargaining agreement with the New York Council, Association of Civilian Technicians, Inc. (technicians), a provision to the effect that the technicians may, at their option, wear a military uniform or agreed-upon civilian attire while performing their work. This provision was to be subject to agreed-upon exceptions where the wearing of the uniform might be required.
 
 
 7
 The FLRA cross moves for the enforcement of its order.
 
 
 8
 Pursuant to the National Guard Technician Act of 1968, 32 U.S.C. Sec. 709 (1980), the Guard employs full-time civilian technicians to administer and train the National Guard and to maintain and repair the supplies issued to the National Guard. As a condition of their employment the technicians must become and remain members of the National Guard. As members of the National Guard they are required to discharge the members' responsibilities which include participation in training assemblies and encampments, and they are subject to being called into active service. Their positions are exempted from competitive civil service, but they are considered federal civilian employees for the purpose of the federal service labor-management relations program established by Executive Order No. 11491, 3 C.F.R. 861 (1966-1970 Compilation), and later by Title VII of the Civil Service Reform Act of 1978,[1] 5 U.S.C. Sec. 7101-35 (1978).
 
 
 9
 The instant problem arose during the course of collective bargaining negotiations between the National Guard and the technicians. Negotiations broke down over the technicians' proposal that they be given the option of wearing standard civilian attire while acting as technicians in civilian employment. The National Guard insisted that the technicians wear standard military uniforms when performing their day-to-day duties. The technicians then requested that the matter be considered by the Impasses Panel pursuant to Section 17 of the Executive Order.
 
 
 10
 On January 9, 1979, the Panel directed the parties to resolve the impasse by adopting language in their agreement affording the technician employees "the option of wearing either the military uniform or an agreed-upon standard civilian attire without display of military rank," subject to exceptions to be negotiated to cover circumstances where the wearing of the uniform might be required. The National Guard sought FLRA review of this determination claiming that the matter of attire involved a non-negotiable issue. The request was denied on the ground that there was no authorization for direct appeal from the Panel decision either under the Executive Order or Title VII.[2] The FLRA advised that the National Guard could obtain review only in an unfair labor practice proceeding. Refusal to follow the Panel's directive constitutes an unfair labor practice. 5 U.S.C. Sec. 7116(a)(6). The FLRA would, in the course of such proceeding, review the Panel decision.[3]
 
 
 11
 Since the National Guard had refused to follow the directive, the technicians had already filed an unfair labor practice charge. The matter came on for resolution before an Administrative Law Judge. In his decision the judge stated that he was aware of the FLRA position that a Panel decision was only reviewable through the unfair labor practice procedures. He also understood that it was the purpose of the National Guard in the proceedings before him "to challenge and obtain a full review of the Panel's underlying premise that the wearing of the uniform is a negotiable matter." Nevertheless, he found full review of the Panel's decision unwarranted.
 
 
 12
 The National Guard had raised in its answer to the unfair labor practice charge two reasons, among others, that the Panel's decision was invalid. First, it forced the National Guard to meet a standard of compelling need to support a regulation it deemed non-negotiable. Second, the decision violated Section 12(b)(5) of Executive Order No. 11491, as amended, 3 C.F.R. 159 reprinted in 5 U.S.C. Sec. 7101 note (Supp. IV 1980). Section 12(b)(5) and 5 U.S.C. Sec. 7106(b) are substantially the same, and define management rights which are non-negotiable at the option of the agency.
 
 
 13
 After hearing argument and reading the papers submitted, the judge entered his decision and order in which he engaged in a long discussion of the scope of review. He sustained the charge, stating that the National Guard "has failed to establish a valid reason for its refusal to comply with the Panel's decision regardless of how the finality of the Panel's decision is approached." He continued:
 
 
 14
 "Therefore, as I find no special circumstance which would require review of the Panel's Decision and Order, I conclude that further review of the Panel's Decision is unwarranted. In my judgment, to inquire further into the soundness of the Panel's factual findings and legal conclusions or the procedures it employed in reaching its decision would inevitably result in opening inquiry into essentially a full review of the Panel's actions."
 
 
 15
 The decision concluded with the statement that "a party who refuses to follow the Panel's final decision does so at its peril."
 
 
 16
 A full review of the Panel's action was sought, it was what the statute contemplated according to the FLRA, but it was denied to the National Guard by the Administrative Law Judge who did not address the issue of negotiability.
 
 
 17
 The decision and order was reviewed by the FLRA on exceptions filed by the National Guard. The FLRA stated that it had "reviewed the rulings of the judge made at the hearing and finds that no prejudicial error was committed. The rulings are hereby affirmed." Based on the FLRA's decision in State of Nevada National Guard, 7 FLRA No. 37 (1981), the FLRA agreed that the National Guard had committed an unfair labor practice. The FLRA found it unnecessary to engage in a discussion of the appropriate scope of review of a Panel decision. This order and decision of the FLRA is the subject of this petition for review and the cross application for enforcement of the order.
 
 
 18
 The FLRA's decision in State of Nevada National Guard, supra, deals with the "compelling need" standard by which a matter covered by an agency regulation may be deemed non-negotiable, 5 U.S.C. Sec. 7117(a)(2), but makes no mention of management rights reserved in Section 7106. It is this latter section which was properly raised in the administrative proceedings and which has not been dealt with either by the Administrative Law Judge or the FLRA.
 
 
 19
 The failure to deal with the issue of management rights here is significant in view of the FLRA decision in National Treasury Employees Union v. United States Customs Service, Region VIII, San Francisco, California, 2 FLRA No. 30 (1979). In that case the FLRA upheld, as a management right not subject to negotiation pursuant to Section 7106(b), an agency's directive requiring all uniformed personnel to wear name plates as part of the official uniform.
 
 
 20
 The proceeding is remanded to the FLRA to develop a full record appropriate for judicial review as to whether the attire the technicians should wear while engaged in their daily duties as civilians is a non-negotiable matter under Section 7106(b).
 
 
 
 *
 The Honorable Charles M. Metzner of the United States District Court for the Southern District of New York, sitting by designation
 
 
 [1]
 Executive Order No. 11491 was the predecessor of Title VII and was in effect at the time of negotiations in this case. The provisions of each are similar insofar as the problem in this proceeding is concerned
 
 
 [2]
 Title VII had become effective January 11, 1979
 
 
 [3]
 In State of Nevada National Guard, 7 FLRA No. 37 (1981), the FLRA commented on the National Guard's attempt to obtain direct review of the Panel's decision in that case by the Court of Appeals of the Ninth Circuit. The Court had dismissed the petition. The FLRA pointed out that the court was fully apprised of the fact that review of the Panel's decision depends on the filing of an unfair labor practice charge and the issuance of a final order by the FLRA in that case