INDIANA AIR NATIONAL GUARD, HULMAN FIELD, TERRE HAUTE, INDIANA and Department of Defense, Petitioners, Cross-Respondents,

v.

FEDERAL LABOR RELATIONS AUTHORITY, Respondent, Cross-Petitioner.

Nos. 82–1496, 82–1544.

United States Court of Appeals, Seventh Circuit.

Argued Dec. 6, 1982.

Decided July 19, 1983.

Sandra Wien Simon, Civ.Div., Dept. of Justice, Washington, D.C., for petitioner.

Ellen Stern, Federal Labor Relations Authority, Washington, D.C., for respondent.

Before CUMMINGS, Chief Judge, PELL, Circuit Judge, and HOFFMAN, Senior District Judge.*

WALTER E. HOFFMAN, Senior District Judge.

On January 28, 1982, the Federal Labor Relations Authority (FLRA) ruled that under the Labor-Management Relations Chapter of the Civil Service Reform Act of 1978 (hereinafter referred to as the "Labor Management Act"), 5 U.S.C. §§ 7101–7135 (Supp. IV 1980), the Indiana Air National Guard (Guard) must bargain over the following two Union proposals which provide for binding arbitration of certain personnel matters related to the National Guard technicians:

### Union Proposal I

Section 7c. A hearing, if requested as a result of an original decision, will be scheduled at the earliest practicable date, and should be conducted within 30 days from the date a Hearing Examiner is approved. At the request of the Union, an arbitration hearing may take the place of the administrative hearing. Selection of an arbitrator shall be made in accordance with Article _____. Arbitration and the award is binding. If an employee elects to appeal an adverse action, the appeal may be submitted at any time within the 15 calendar days after receipt of the notice of original decision.

### Union Proposal II

Section 10. The State Adjutant General will render his final decision by considering the hearing examiner's recommendation and issue his decision on the appeal or take a less severe action than recommended by the examiner, without regard

to the examiner's recommendations. If an employee elected to use binding arbitration, the arbitrator's decision shall be binding on the parties. The employee and his representative will be furnished a copy of the findings and final decision.

*American Federation of Government Employees, Local 3098 and Indiana Air National Guard, Hulman Field, Terre Haute, Indiana,* 7 F.L.R.A. No. 121 (1982).

On February 4, 1982, the FLRA ruled that under the Labor-Management Act, the Guard must bargain over Union proposal III which provides aggrieved Guard technicians the option of raising personnel grievances under either the statutory appellate procedure or the negotiated grievance procedure. In the same decision the FLRA also ruled that the Guard must bargain over Union proposal IV which requires personnel actions involving Guard technicians which are made the subject of a grievance or arbitration to be stayed pending a final decision of the matter. The full text of these proposals are as follows:

### Union Proposal III

*Section 4: Appeals and Grievance Options*

An aggrieved employee affected by discrimination, a removal or reduction in grade based on unacceptable performance, or adverse action may at his/her option raise the matter under a statutory appellate procedure or the negotiated grievance procedure, but not both (except for discrimination complaints). For the purposes of this section and pursuant to Section 7121(e)(1) of the Act, an employee shall be deemed to have exercised his option under this section only when the employee files a timely grievance in writing under the appellate procedure or files a timely grievance in writing under the negotiated grievance procedure.

### Union Proposal IV

*Section 11: Stays of Personnel Action*

---

* Honorable Walter E. Hoffman, Senior United States District Judge for the Eastern District of Virginia, sitting by designation.

A pending or proposed personnel action which has been made the subject of a grievance or arbitration will be stayed pending the final decision of the matter.

*American Federation of Government Employees, Local 3098 and Indiana Air National Guard*, 8 F.L.R.A. No. 2 (1982).

The Guard and the United States Department of Defense petitioned this Court for review of the above two orders pursuant to 5 U.S.C. § 7123(a), and now ask that the two decisions of the FLRA be set aside on the grounds that they contravene the National Guard Technicians Act of 1968 (hereinafter referred to as the "Technicians Act"). 32 U.S.C. § 709 (1976).[1] The FLRA has crosspetitioned for enforcement of its order pursuant to 5 U.S.C. § 7123(b). The American Federation of Government Employees filed an *amicus* brief in support of the FLRA's application for enforcement.

The issue before this Court is whether the Guard, under § 7121 of the Labor-Management Act, has a duty to bargain in good faith over four Union proposals which include within their coverage grievance procedures culminating in binding arbitration, or are the proposals outside the Guard's duty to bargain because the cover matters listed in § 709(e)(1)–(e)(4) of the Technicians Act which, under § 709(e)(5) of that Act, are subject to an appeal process which "shall not extend beyond the adjutant general of the jurisdiction concerned?"[2]

The Guard, joined by the Department of Defense, contend that because § 709(e)(5) of the Technicians Act states "[n]otwithstanding any other provision of law" appeals of specific adverse personnel actions

---

1. Negotiability disputes typically arise when the union submits a proposal for inclusion in a collective bargaining agreement. If the agency alleges that the proposal is nonnegotiable because it is contrary to law or regulations it may inform the union of its refusal to negotiate. The union may then choose to revise the proposal or it may appeal the agency's determination of nonnegotiability to the FLRA as provided for under § 7117 of the Labor-Management Act. The FLRA must then decide the negotiability issue at the earliest possible date, issuing a written decision sustaining or setting aside the agency's allegation that the proposal is nonnegotiable. If the FLRA sets aside the allegation, finding the proposal negotiable, it simply orders the agency to negotiate that particular proposal in good faith. The FLRA does not address the merits of the proposal nor order the agency to agree to it. However, a determination by the FLRA that a proposal is negotiable means that it is consistent as drafted with applicable law and regulations. 5 U.S.C. § 7117(a)(1). Thus, it is possible that a proposal held negotiable by the FLRA may be imposed on the parties by the Federal Service Impasses Panel in the event the agency and union do not ultimately agree. *See Department of Defense, Army-Air Force Exchange Service v. FLRA*, 659 F.2d 1140, 1146 n. 32 (D.C.Cir.1981), *cert. denied*, 455 U.S. 945, 102 S.Ct. 1443, 71 L.Ed.2d 658 (1982).

2. The full text of § 709(e) reads as follows: Notwithstanding any other provisions of law and under regulations prescribed by the Secretary concerned—
    (1) a technician who is employed in a position in which National Guard membership is required as a condition of employment and

who is separated from the National Guard or ceases to hold the military grade specified for his position by the Secretary concerned shall be promptly separated from his technician employment by the adjutant general of the jurisdiction concerned;
    (2) a technician who is employed in a position in which National Guard membership is required as a condition of employment and who fails to meet the military security standards established by the Secretary concerned for a member of a reserve component of the armed force under his jurisdiction may be separated from his employment as a technician and concurrently discharged from the National Guard by the adjutant general of the jurisdiction concerned;
    (3) a technician may, at any time, be separated from his technician employment for cause by the adjutant general of the jurisdiction concerned;
    (4) a reduction in force, removal, or an adverse action involving discharge from technician employment, suspension, furlough without pay, or reduction in rank or compensation shall be accomplished by the adjutant general of the jurisdiction concerned;
    (5) a right of appeal which may exist with respect to clause (1), (2), (3), or (4) shall not extend beyond the adjutant general of the jurisdiction concerned; and
    (6) a technician shall be notified in writing of the termination of his employment as a technician and such notification shall be given at least thirty days prior to the termination date of such employment.

listed under § 709(e)(1)–(e)(4) "shall not extend beyond the adjutant general of the jurisdiction concerned," personnel actions listed under § 709(e) are committed to the administratively unreviewable discretion of the state adjutant general. In view of this construction the Guard maintains that since the first three Union proposals at issue provide for the binding arbitration of matters listed under § 709(e)(1)–(e)(4), they are in conflict with the Technicians Act. The Guard argues that because Congress intended § 709(e) of the Technicians Act, rather than the Labor-Management Act, to govern personnel matters listed under § 709(e)(1)–(e)(4), the proposals should be found nonnegotiable.[3]

With regard to Union proposal IV which would require personnel actions made the subject of a grievance or arbitration to be stayed, the Guard contends that because

§ 709(e)(5) of the Technicians Act bars personnel actions listed in § 709(e)(1)–(e)(4) from ever becoming subject to grievance or arbitration proceedings, that proposal should also be found nonnegotiable.

The FLRA, on the other hand, stands by its decision in *National Association of Government Employees, Local R12–132 and California National Guard,* 5 F.L.R.A. No. 25 (1981), *subsequently rev'd sub nom., California National Guard and Department of Defense v. Federal Labor Relations Authority,* 697 F.2d 874 (9th Cir.1983), on which it relied in its two decisions under review here, and maintains that the proposals at issue do not conflict with the Technicians Act when read in light of the Labor-Management Act.[4] The FLRA cites § 7121(e)(1) of the Labor Management Act in support of their position. Section

---

**3.** National Guard Technicians fall within the implicit coverage of the Labor-Management Act. Only the following federal agencies are specifically exempted from coverage of the Act: the General Accounting Office, the Federal Bureau of Investigation, the Central Intelligence Agency, the National Security Agency, the Tennessee Valley Authority, the Federal Labor Relations Authority, and the Federal Service Impasses Panel. *Id.* § 7103(a)(3). The question presented here is whether § 709(e) of the Technicians Act is a narrow exception to the more general Labor-Management Act. In addressing this question the Third Circuit stated:

> It bears emphasis that, under the Labor-Management Act, the Guard still must engage in collective bargaining with a union representing Guard technicians: the dispute here is not over coverage by the Act, but over the applicability of a few, concededly important, provisions of the Act.

*New Jersey Air National Guard v. Federal Labor Relations Authority,* 677 F.2d 276, 286 (3d Cir.), *cert. denied,* —— U.S. ——, 103 S.Ct. 343, 74 L.Ed.2d 384 (1982).

**4.** In concluding that Union proposals I and II were negotiable, the FLRA stated that

> the proposals bear no material difference from the disputed proposal which was held negotiable in *National Association of Government Employees, Local R12–132 and California National Guard,* 5 F.L.R.A. No. 25 (1981), *appeal docketed,* No. 81–7231 (9th Cir. Apr. 17, 1981). Therefore, contrary to the Agency's assertions that the proposals are outside the duty to bargain because they are inconsistent with law (32 U.S.C. § 709(e)(5) [sic]

and based on the reasons set forth in detail in the *California National Guard* case, Union proposals I and II must also be held to be within the duty to bargain under the Statute. *American Federation of Government Employees, Local 3098 and Indiana Air National Guard, Hulman Field, Terre Haute, Indiana,* 7 F.L.R.A. No. 121 (1982).

In reaching their conclusion in regard to Union proposal III the FLRA again relied on their decision in *California National Guard* stating that the proposal "bears no material difference from the disputed proposal which was held negotiable in [*California* National Guard]...." *American Federation of Government Employees, Local 3098 and Indiana Air National Guard,* 8 F.L.R.A. No. 2 (1982).

In regard to proposal IV, however, titled "Stays of Personnel Action," the FLRA concluded that it was

> identical to proposal 3 which was held negotiable in *American Federation of Government Employees, Local 547, AFL–CIO and Veterans Administration Medical Center, Tampa, Florida,* 4 F.L.R.A. No. 50 (1981), *appeal docketed,* No. 80–5938 (5th Cir. Nov. 25, 1981). Consequently, for the reasons stated in that case, section 11 must also be held to be a negotiable procedure under section 7106(b)(2) of the Statute.

*Id.* In a footnote to the opinion the FLRA elaborated on their conclusion as follows:

> [t]he fact that this proposal concerns National Guard technicians provides no basis for reaching a different result from that concerning proposal 3 in Veterans Administration Medical Center....

*Id.*

7121(e)(1) states that adverse personnel matters

> which arise under other personnel systems applicable to employees covered by this chapter may, in the discretion of the aggrieved employee, be raised either under the appellate procedures, if any, applicable to those matters, or under the negotiated grievance procedure, but not both.

The FLRA argues that based on § 7121(e)(1) of the four Union proposals at issue simply create an alternative procedure to obtain review of adverse personnel matters falling under § 709(e) of the Technicians Act. Therefore, the proposals do not detract from the authority of the state adjutant general to decide appeals of those matters brought before him. Accordingly, the FLRA requests this Court to find the four Union proposals negotiable and to enforce their orders in this proceeding.

■ The question of whether § 709(e) of the Technicians Act is a narrow exception to the Labor-Management Act, thereby exempting the Guard from negotiating union proposals containing binding arbitration provisions which cover matters listed in § 709(e), has been decided to date by three Courts of Appeal: the Third Circuit in *New Jersey Air National Guard v. FLRA,* 677 F.2d 276, *cert. denied,* —— U.S. ——, 103 S.Ct. 343, 74 L.Ed.2d 384 (1982); the Ninth Circuit in *California National Guard v. FLRA,* 697 F.2d 874 (1983);[5] and the Eighth Circuit in *State of Nebraska Military Department, Office of the Adjutant General v. FLRA,* 705 F.2d 945 (8th Cir. 1983). In each decision the Court found that because § 709(e) of the Technicians

Act is a narrow exception to the Labor-Management Act, union proposals containing binding arbitration provisions which cover § 709(e) personnel actions are nonnegotiable. Because we agree with the decisions reached by the Third, Eighth and Ninth Circuits in those cases and the reasons set forth by each respective Court in support of their decision, we grant the Guard's petition for review in this matter and set aside the two FLRA decisions insofar as they would require the Guard to negotiate proposals I, II and III which would allow binding arbitration of matters reserved for the exclusive review of the state adjutant general by § 709(e) of the Technicians Act.

■ With respect to Union proposal IV, which requires personnel actions made the subject of a grievance or arbitration to be stayed, we hold that it is also nonnegotiable insofar as it relates to matters listed under § 709(e) of the Technicians Act since, as we have already concluded above, § 709(e) actions are not subject to grievance procedures culminating in binding arbitration.[6]

■ Finally, the parties to this action raise one last issue in the footnotes to the briefs submitted on appeal. That is, the FLRA contention that even if Union proposal IV is found by this Court to be nonnegotiable as to § 709(e) matters, the Court should nevertheless affirm the FLRA's decision that the proposal is negotiable insofar as it relates to matters falling outside of § 709(e). In regard to this contention, and in view of our decision that proposal IV is not negotiable with reference to § 709(e) matters, we also do not affirm the FLRA's

---

**5.** Indeed, the Ninth Circuit in *California National Guard, supra,* reversed the FLRA's decision in *National Association of Government Employees, Local R12–132 and California National Guard,* 5 F.L.R.A. No. 25 (1981) on which the FLRA relied in reaching their decisions in the two cases here on appeal. *See* discussion in note 4, *supra.*

**6.** We noted in note 4, *supra,* that the FLRA relied upon the *American Federation of Government Employees, Local 547 AFL–CIO and Veterans Administration Medical Center, Tampa, Florida,* 4 F.L.R.A. No. 50 (1981), en-

forced *sub nom., Veterans Administration Medical Center, Tampa, Florida v. FLRA,* 675 F.2d 260 (11th Cir.1982) in finding Union proposal IV negotiable. However, the issue in that case did not involve § 709(e) of the Technicians Act. Rather, the issue there was whether a rational basis supported the FLRA's determination that the Veterans Administration Medical Center had a duty to bargain over a union proposal concerning procedures to be followed in personnel actions when those procedures would not prevent the agency from "acting at all" on such personnel actions. *Id.*

decision that proposal IV is negotiable as drafted with regard to matters falling outside of § 709(e). One reason is because we question whether non-§ 709(e) matters exist which are subject to grievance or arbitration proceedings and which are of the type of action which can be stayed. We leave for another day, under appropriate pleadings and facts supported by briefs on the subject, the question of whether a proposal such as Union proposal IV is negotiable as to matters falling outside of § 709(e) of the Technicians Act.[7]

For the reasons discussed above we grant the Guard's petition for review, deny the FLRA's petition for cross-enforcement, and set aside the FLRA's two decisions which have been consolidated on this appeal.

---

**7.** Cf. *United States Department of Justice, Immigration and Naturalization Service v. Federal Labor Relations Authority, et al.*, 709 F.2d 724 (D.C.Cir.1983).