AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, LO-CAL 3013, AFL–CIO, Petitioner,

v.

FEDERAL LABOR RELATIONS AUTHORITY, Respondent.

Maine Air National Guard and United States Department of Defense, Intervenors.

AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, LO-CAL 3936, AFL–CIO and Luis J. Marquez, Petitioners,

v.

FEDERAL LABOR RELATIONS AUTHORITY, Respondent.

Puerto Rico Air National Guard and United States Department of Defense, Intervenors.

Nos. 84–1751, 84–1803.

United States Court of Appeals, First Circuit.

Argued March 8, 1985.

Decided May 24, 1985.

Rehearing and Rehearing En Banc Denied June 19, 1985.

William J. Stone, Asst. General Counsel, Washington, D.C., with whom Mark D. Roth, General Counsel, Washington, D.C., was on brief for petitioners.

William R. Tobey, Washington, D.C., with whom Ruth E. Peters, Sol., Steven H. Svartz, Deputy Sol., and William E. Persina, Associate Sol., Washington, D.C., were on brief for respondent.

Sandra Simon, Washington, D.C., with whom Richard K. Willard, Acting Asst. Atty. Gen., William Kanter and Marc Richman, Appellate Staff, Civ. Div., Dept. of Justice, James C. Hise, Washington, D.C., and Joseph R. Reyna, Office of Legal Advisor, National Guard Bureau, were on brief for intervenors.

Before BREYER and TORRUELLA, Circuit Judges, and SELYA,* District Judge.

PER CURIAM.

These two cases raise the question of whether the Maine Air National Guard and Puerto Rico Air National Guard may require their "civilian" technicians to wear military uniforms at all times when they are at work, regardless of whether they are performing "military" or "civilian" duties. More specifically, we must decide whether this "uniform" question is a "mandatory" or "permissive" subject of bargaining between the two National Guard units and the American Federation of Government Employees, the union that represents the un-its' civilian technicians. *See* Labor Management Act, 5 U.S.C. § 7106(b). If the uniform issue is a "permissive" issue, the National Guard units may lawfully refuse to bargain with the union on it; if, on the other hand, the issue is a "mandatory" subject, the Guard units cannot lawfully

* Of the District of Rhode Island, sitting by desig-nation.

refuse to bargain in good faith over the issue. *Id.* The Federal Labor Relations Authority ("FLRA" or "Authority"), the administrative body to which Congress committed (as an initial matter) the interpretation of the Act with respect to questions such as the one before us, *see Bureau of Alcohol, Tobacco and Firearms v. FLRA*, 464 U.S. 89, 104 S.Ct. 439, 444, 78 L.Ed.2d 195 (1983), held that the "uniform" issue was a permissive subject of bargaining and that the Guard units therefore need not bargain over the units' "uniform" rule. *Puerto Rico Air National Guard v. National Federation of Federal Employees, Local 1665*, 15 F.L.R.A. 482 (1984); *National Guard Bureau, Maine Air National Guard v. American Federation of Government Employees, Local 3013, AFL–CIO*, 15 F.L.R.A. 485 (1984). The FLRA relied, in both of these cases, on its earlier decision in what it described as the "substantially similar" New York National Guard case, *Division of Military and Naval Affairs, State of New York v. New York Council, Association of Civilian Technicians*, 15 F.L.R.A. 288 (1984), in which the Authority stated that the National Guard unit was justified in imposing a non-negotiable "uniform" rule as a means "to foster military discipline, promote uniformity, encourage *esprit de corps*, increase the readiness of the military forces for early deployment and enhance identification of the National Guard as a military organization." 15 F.L.R.A. at 293.

The FLRA's decision in this New York case was affirmed by the Second Circuit after this panel heard oral argument in the two cases now before us. *New York Council, Association of Civilian Technicians v. FLRA*, 757 F.2d 502 (2d Cir.1985). Because of the similarity of the Second Circuit case to the cases here, we allowed the parties to submit supplementary memoranda on the relevance of that opinion. After reading those submissions and the record in the cases before us with care, we are persuaded that the Authority is correct in describing the Second Circuit case as essentially identical to the ones before us. The union's submission does not dispute this characterization of the Second Circuit case but rather takes issue with the correctness of its opinion.

In our view, the Second Circuit's opinion adequately addresses the legal arguments that the union makes here. We add only one comment. The union, in its letter addressing the Second Circuit opinion (and to some extent in its brief) speaks of the FLRA as "deny[ing] the union a right to introduce evidence in rebuttal to that submitted by the employer in the remand proceeding...." If the union means this literally, the conclusive answer to the argument is that this was not so. The union did not request a full evidentiary hearing. Indeed, the General Counsel of the FLRA (who presented the union's case in proceedings before the Authority) *opposed* the National Guard's request for such a hearing, arguing that "any further taking of evidence is not required and ... would not be appropriate." The General Counsel asked the Authority to strike various affidavits that the Guard submitted to the Authority. But, neither the union nor the General Counsel sought to present counter-affidavits or other similar evidence, either before or after the FLRA announced its decision on the merits (denying, in the same opinion, the Guard's motion for a hearing and the General Counsel's motion to strike the Guard's affidavits).

In fact, we believe that the union means its statement not literally, but figuratively, as drawing attention to its claim that the FLRA's procedure was inadequate. In this event, we find the Second Circuit's discussion of the issue sufficient basis for rejecting the argument.

For the reasons set forth in *New York Council, Association of Civilian Technicians v. FLRA, supra*, the petitions for review of the FLRA decisions are

*Denied.*