771 F.2d 1449
 120 L.R.R.M. (BNA) 2562
 NATIONAL ASSOCIATION OF GOVERNMENT EMPLOYEES, Locals R5-91,
R5-107 and R5-120, Petitioner,
v.
FEDERAL LABOR RELATIONS AUTHORITY, Respondent,
and
Florida National Guard and United States Department of
Defense, Intervenors.
 No. 84-3677.
 United States Court of Appeals,
Eleventh Circuit.
 Sept. 24, 1985.
 
 Gordon P. Ramsey, Ramsey & Murray, Boston, Mass., for petitioner.
 William E. Persina, F.L.R.A., Washington, D.C., for respondent.
 William Kanter, Marc Richman, Appellate Staff, Civil Div., Dept. of Justice, Washington, D.C., for intervenors.
 Petition For Review Of A Decision And Order Of The Federal Labor Relations Authority.
 Before FAY and JOHNSON, Circuit Judges, and HOFFMAN*, District Judge.
 PER CURIAM:
 
 
 1
 The petitioner, National Association of Government Employees (NAGE), seeks review of a final decision of the Federal Labor Relations Authority (hereinafter "Authority"). In its decision, the Authority held that the union could not demand negotiations over a collective bargaining proposal which would have allowed civilian technicians employed by the Florida National Guard the option of wearing civilian attire in lieu of the traditional military uniform while performing their technician duties. We hold that the Authority did not abuse its discretion or act arbitrarily or capriciously in concluding that the uniform issue was a nonnegotiable matter under the Federal Service Labor-Management Relation Statute, 5 U.S.C. Sec. 7106(b)(1) (1982). Accordingly, the petition for review of the Authority's decision is denied.
 
 FACTS AND PROCEDURAL BACKGROUND
 
 2
 Pursuant to the National Guard Technicians Act of 1968, 32 U.S.C. Sec. 709 (West Supp.1985), the National Guard employs full-time civilian technicians to assist in training the Guard and to help repair and maintain the Guard's equipment and supplies. As a condition of their employment, these technicians are required to maintain membership in the Guard and to fulfill all responsibilities appurtenant thereto. The technicians involved in the instant case are members of the Florida National Guard and are represented by NAGE, Locals R5-91, R5-107 and R5-102.
 
 
 3
 This case arises under the Federal Service Labor-Management Relations Statute, as amended, 5 U.S.C. Secs. 7101-7135 (1982) and Pub.L. No. 98-224, Sec. 3-4, 98 Stat. 47, 47-48 (1984) (hereinafter "Statute"). The Authority is charged with administering the Statute and was established as an independent agency within the executive branch. See Reorganization Plan No. 2 of 1978, 3 C.F.R. 323, 327 (1979), reprinted in 5 U.S.C.App. 1158, 1159 (1982). The Authority was established for the purpose of providing leadership in establishing policies and guidance relating to federal service labor-management relations and ensuring compliance with the statutory rights and obligations of federal employees, labor organizations which represent such employees, and federal agencies. 5 U.S.C. Sec. 7105.
 
 
 4
 In 1978, during negotiations between the NAGE and the Florida National Guard, the technicians, through their union, submitted a proposal whereby the technicians could opt to wear either their military uniform or agreed upon civilian attire while performing their technician duties. The parties were unable to reach an agreement on this issue. Consequently, the NAGE requested that the Federal Service Impasses Panel (FSIP) resolve the matter. The FSIP considered the proposal and directed the parties to adopt it as part of their collective bargaining agreement. The Guard refused.
 
 
 5
 A complaint was thereafter issued by the General Counsel of the Authority alleging that by refusing to comply with the decision and order of the FSIP, the Florida National Guard had committed unfair labor practices in violation of section 7116(a)(1), (5), (6) and (8) of the Statute. On the basis of this complaint, an administrative proceeding was conducted before an administrative law judge (ALJ) of the Authority. At the conclusion of the hearing, the ALJ found that the Guard had committed the unfair labor practices charged in the complaint. Florida Air National Guard and National Association of Government Employees, Locals R5-91, R5-107, R5-120, 9 FLRA No. 41 (1982). Accordingly, the Authority ordered the Guard to comply with the FSIP's order. The Guard appealed that decision to this court.
 
 
 6
 While the Guard's petition for review was pending before this court, the Second Circuit issued its decision in an identical case, State of New York, Division of Military and Naval Affairs (Albany, New York) v. FLRA, 696 F.2d 202 (2d Cir.1982), remanding that case to the Authority for further proceedings. Specifically, the Second Circuit was concerned over the Authority's failure to address the Guard's argument that under section 7106(b)(1) of the Statute, civilian technician's work attire is a matter which falls within management's right to determine unilaterally the methods and means of performing work. Military and Naval Affairs (N.Y.) at 204-205. The purpose of the remand was to allow the Authority to develop a full record appropriate for judicial review as to whether the attire the technicians should wear while engaged in their duties as civilians is a nonnegotiable matter under section 7106(b)(1) of the Statute.
 
 
 7
 In light of the remand ordered by the Second Circuit in the New York case, the Authority moved this court to hold the Florida National Guard case in abeyance, and to remand the case to the Authority for the compilation of an appropriate record and issuance of a supplemental decision regarding the section 7106(b)(1) issue. We granted this motion in October, 1983.
 
 
 8
 Pursuant to this remand order, the Authority issued a Notice of Reopened Proceedings And Request For Statements Of Position. The parties complied. Subsequently, the Authority issued its decision. The Authority found that the requirement that technicians wear the military uniform while performing technician duties constitutes management's choice of a "methods, and means of performing work" within the meaning of section 7106(b)(1) of the Statute. Florida Air National Guard and NAGE, 9 FLRA 347. The Authority based its conclusion on the same reasoning which it set forth in its decision on remand from the Second Circuit, Division of Military and Naval Affairs, State of New York, (Albany, New York) and New York Council, Association of Civilian Technicians, 8 FLRA 158 (1984) (the New York Guard case).
 
 
 9
 In the New York Guard case, the Authority held that the uniform requirement constituted a "methods, and means of performing work" within the meaning of section 7106(b)(1). With respect to the construction of the term "means," the FLRA referred to its prior decision in National Treasury Employees Union and U.S. Customs Service, Region VIII, 2 FLRA 255 (1979). Relying on this precedent, the Authority held that "a 'means' is in essence anything used to attain or make more likely the attainment of a desired end, and in the context of section 7106(b)(1), refers to 'any instrumentality, including an agent, tool, device, measure, plan, or policy used by the agency for the accomplishing or furthering of the performance of its work.' " New York Guard, 8 FLRA 158.
 
 
 10
 In applying this definition to the uniform requirement in the New York Guard case, the Authority emphasized the nature of the National Guard and the role of the Guard's technicians. In this respect, the Authority adverted to the military character of the National Guard, noting that the Guard supplies state governments with military units responsible for protecting life and property, and preserving peace, order and public safety. The Authority also observed that the Guard is an integral part of the national defense, supplying the federal government with various types of combat-ready units to fulfill a variety of military missions.
 
 
 11
 The Authority next found that Guard technicians were intended by Congress to perform their duties within this military framework. In support of this conclusion, the Authority refers to the legislative history of the Technicians Act and to statutory provisions which require Guard technicians to maintain military membership in the National Guard. Moreover, a number of cases were relied on by the Authority which recognize a rational connection between Guard attire and appearance requirements and the Guard's accomplishment of its military mission. Consequently, the Authority found that the requirement that technicians wear the military uniform tended "to foster military discipline, promote uniformity, encourage esprit de corps, increase the readiness of the military for early deployment and enhance the identification of the National Guard as a military organization." New York Guard, 8 FLRA No. 158.
 
 
 12
 Given the military nature of the National Guard and the function of Guard technicians within that military structure, as well as the specific uses for which the National Guard employs the requirement that the military uniform be worn by Guard technicians, the Authority concluded that the National Guard's mandate that technicians wear the military uniform "constitutes management's choice of a 'methods, and means of performing work' within the meaning of section 7106(b)(1) of the Statute." Id. The Authority thus concluded that the determination concerning the wearing of the uniform was not within the Guard's duty to bargain and therefore the Guard had not improperly failed to cooperate in the FSIP's decision. Consequently, the Authority dismissed the unfair labor practice complaint.
 
 STANDARD OF REVIEW
 
 13
 Under section 7123(c) of the Statute, decisions of the Authority are subject to judicial review in accordance with the Administrative Procedure Act. 5 U.S.C. Sec. 7123(c). Therefore, we will only set aside those decisions and orders of the Authority which are "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law." 5 U.S.C. Sec. 706(2)(A).
 
 DISCUSSION
 
 14
 As noted previously, the Authority's decision in the instant case is based exclusively on its previous decision in the New York Guard case. The New York Guard case was recently upheld by the Second Circuit in New York Council, Association of Civilian Technicians v. Federal Labor Relations Authority, 757 F.2d 502 (2d Cir.1985). Moreover, the First Circuit, in American Federation of Government Employees, Local 3013 v. Federal Labor Relations Authority, 762 F.2d 183 (1st Cir.1985), relied on the Second Circuit's opinion in affirming the Authority's decision in an identical case brought by civilian technicians employed by the Puerto Rico Air National Guard.
 
 
 15
 In the New York Guard case, the Second Circuit held that (1) the Authority acted within its delegated powers in determining that the uniform requirement was nonnegotiable; (2) it was not arbitrary and capricious for the Authority to find that there was a direct and integral relationship between wearing the military uniform and working within a military framework; and (3) the Authority's fact finding procedures were adequate.
 
 
 16
 We find that the First and Second Circuit cases cited above are identical to the case at bar. Moreover, it is our view that the Second Circuit's opinion adequately addresses the legal arguments raised by the technicians, and we concur with that court's reasoning and conclusion in every respect. Accordingly, the petition for review of the Authority's decision is hereby DENIED.
 
 
 
 *
 Honorable Walter E. Hoffman, U.S. District Judge for the Eastern District of Virginia, sitting by designation