780 F.2d 12
 121 L.R.R.M. (BNA) 2168
 ASSOCIATION OF CIVILIAN TECHNICIANS, Petitioner,
v.
FEDERAL LABOR RELATIONS AUTHORITY, Respondent,
Wisconsin National Guard and United States Department of
Defense, Intervening-Respondent.
 No. 84-2702.
 United States Court of Appeals,
Seventh Circuit.
 Argued Sept. 17, 1985.
Decided Dec. 16, 1985.
 
 Stephen B. Rubin, Asher, Pavlon, Gittler & Greenfield, Ltd., Chicago, Ill., for petitioner.
 William R. Tobey, Solicitor's Office (FLRA), Marc Richman, Dept. of Justice, Washington, D.C., for respondent.
 Before BAUER, ESCHBACH and EASTERBROOK, Circuit Judges.
 ESCHBACH, Circuit Judge.
 
 
 1
 The primary question presented in this petition for review of a decision of the Federal Labor Relations Authority is whether the Wisconsin Army National Guard must negotiate with its civilian technicians in the collective bargaining process in regard to the wearing of military uniforms by the technicians in performing non-military duties. For the reasons stated below, we will deny the petition.
 
 
 2
 * Civilian technicians constitute the only full-time staff employed by the Wisconsin Army National Guard ("Guard"). They administer Guard units, train Guard members, and maintain Guard equipment. Civilian technicians are required to become members of the Guard, and may be called into active duty. They are exempt, however, from certain military duties, and their dismissal and annual evaluation must comply with civilian standards, not military.[1]
 
 
 3
 Civilian technicians are federal employees under the Labor-Management and Employee Relations Act ("LMERA"), 5 U.S.C. Secs. 7101-7135. See 5 U.S.C. Sec. 7103(a)(2); Indiana Air National Guard v. FLRA, 712 F.2d 1187 (7th Cir.1983). They have the right "to engage in collective bargaining with respect to conditions of employment through representatives [they choose]." 5 U.S.C. Sec. 7102(2). The LMERA defines "conditions of employment" as "personnel policies, practices, and matters, whether established by rule, regulation, or otherwise, affecting working conditions." 5 U.S.C. Sec. 7103(a)(14). Under Sec. 7106(b)(1), however, the Guard may elect not to negotiate with civilian technicians on the subject of "technology, methods, and means of performing work." Pursuant to Sec. 7105(a)(2)(E), civilian technicians may challenge the Guard's refusal to negotiate on a matter by petitioning the Federal Labor Relations Authority ("FLRA") for a negotiability determination.[2]
 
 
 4
 The Association of Civilian Technicians ("ACT") is the exclusive collective bargaining agent for civilian technicians in the Guard. In the course of negotiating a collective-bargaining agreement with the Guard, the ACT submitted a proposal that would allow civilian technicians under specified conditions to wear standard civilian attire instead of military uniforms while performing their non-military duties. The Guard refused to negotiate on the proposal on the ground that it concerned matters not subject to mandatory negotiation under the LMERA. On February 22, 1983, the ACT petitioned the FLRA for a negotiability determination. The Guard contended that the uniform proposal related to a "means" of conducting its operations, and thus came within the Sec. 7106(b)(1) exception to the general duty to negotiate on proposals affecting working conditions. On August 19, 1984, without holding an evidentiary hearing, the FLRA determined that the Guard had properly elected not to negotiate on the proposal.[3] The ACT petitions this court for review of the FLRA determination.[4]
 
 II
 
 5
 The ACT claims the FLRA determination that the Guard may elect, pursuant to section 7106(b)(1), not to negotiate concerning attire requirements for civilian technicians (1) frustrates the purpose of the LMERA, (2) impermissibly departs from FLRA precedent, and (3) is unsupported by substantial evidence. To date four federal appellate circuits have decided these issues in favor of the FLRA under substantially identical circumstances. See American Federation of Government Employees v. FLRA, 775 F.2d 1022 (9th Cir. Oct. 31, 1985); National Ass'n of Government Employees v. FLRA, 771 F.2d 1449 (11th Cir.1985); American Federation of Government Employees v. FLRA, 762 F.2d 183 (1st Cir.1985); New York Council, Ass'n of Civilian Technicians v. FLRA, 757 F.2d 502 (2nd Cir.), cert. denied, --- U.S. ----, 106 S.Ct. 137, 88 L.Ed.2d 113 (1985). Because we agree with the decisions reached by the Ninth, Eleventh, First, and Second Circuits in those cases, we deny the ACT's petition for review.[5]
 
 III
 
 6
 For the reasons stated above, ACT's petition for review is
 
 
 7
 DENIED.
 
 
 
 [1]
 For a general discussion of the role of civilian technicians in the National Guard, see New York Council, Ass'n of Civilian Technicians v. FLRA, 757 F.2d 502 (2nd Cir.), cert. denied, --- U.S. ----, 106 S.Ct. 137, 88 L.Ed.2d 113 (1985)
 
 
 [2]
 For a discussion of the internal appeals procedure under the Act, see Indiana Air National Guard v. FLRA, 712 F.2d 1187, 1189 n. 1 (7th Cir.1983)
 
 
 [3]
 The FLRA found that the requirement that technicians wear the military uniform concerned the Guard's choice of a "methods [ ] and means" of performing work within the meaning of Sec. 7106(b)(1). The FLRA relied upon its decision in Division of Military and Naval Affairs, State of New York, (Albany, New York) and New York Council, Ass'n of Civilian Technicians, 8 F.L.R.A. 158 (1984). The FLRA's decision in that case was recently upheld in New York Council, Ass'n of Civilian Technicians v. FLRA, 757 F.2d 502 (2nd Cir.), cert. denied, --- U.S. ----, 106 S.Ct. 137, 88 L.Ed.2d 113 (1985)
 
 
 [4]
 The source of our statutory jurisdiction is 5 U.S.C. Sec. 7123(a)
 
 
 [5]
 The Second Circuit in New York Council, Ass'n of Civilian Technicians v. FLRA, 757 F.2d 502, 509-512 (2nd Cir.), cert. denied, --- U.S. ----, 106 S.Ct. 137, 88 L.Ed.2d 113 (1985), presents a well-reasoned discussion of the legislative history and purpose of the Act, of the FLRA's authority to depart from precedent decided by its predecessor agency, of the FLRA's fact-finding authority, and of our scope of review