William L. SPENCE, Plaintiff,

v.

Harold G. HOLESINGER, Major General, John R. Phipps, William Davis, William Troy, and Ronald Ballow, Defendants.

No. 87–1020.

United States District Court,
C.D. Illinois,
Peoria Division.

Sept. 28, 1988.

David W. Stuckel, Harvey & Stuckel, Peoria, Ill., Samuel L. Spear, Spear, Wilderman, Sigmond, Borish, Endy & Silverstein, Philadelphia, Pa., for plaintiff.

Bradley W. Murphy, Asst. U.S. Atty., Peoria, Ill., Wayne S. Carlson, Major, ILANG, Staff Judge Advocate, Military & Naval Dept., Springfield, Ill., for defendants.

ON APPLICABILITY OF TITLE VII OF CIVIL SERVICE REFORM ACT

MIHM, District Judge.

Following the Court's order that was entered on July 29, 1988 in this case, 693 F.Supp. 703, the only issue remaining for

resolution on Defendants' Motion to Dismiss, or in the alternative, for Summary Judgment, is the applicability of Title VII of the Civil Service Reform Act of 1978, 5 U.S.C. §§ 7101 *et seq.*, (hereinafter referred to as "CSRA"), to members of the Air National Guard. At oral argument on this Motion, the Court directed both parties to file supplemental briefs on this issue. Both parties have done so, and upon review of those briefs, the Court finds that the substantive protections of Title VII of the CSRA do, in fact, apply to members of the Air National Guard such as Plaintiff. Consequently, Defendants' Motion is DENIED on this ground. Because the relevant facts of this case are thoroughly described in this Court's July 29 Order, the Court will not repeat them here, but will immediately address the legal issues raised by Defendants' Motion.

Defendants first state that Title VII of CSRA specifically excludes from its coverage as an "employee," "a member of the uniformed services." 5 U.S.C. § 7103(a)(2)(B)(ii). Defendants also note that 10 U.S.C. § 101(43) defines "uniformed services" as including "the armed forces," and § 101(4) includes "air force" within the definition of "armed forces." Consequently, Defendants contend that it is clear that, although Plaintiff was a Guard member, he also held a status in the United States Air Force, and therefore was not an "employee" within the meaning of CSRA.

Defendants claim that, although Congress did not exclude members of the Air National Guard from coverage of Title VII of CSRA, members of the Illinois Air National Guard are members of the military who train for a wartime mission. They are subject to military rules and regulations regarding discipline, wear of the uniform and grooming standards, rank structure, military courtesy, and other rules and regulations which also apply to the active duty Air Force and its members. Noting these similarities, Defendants state that members of the Air National Guard are much closer in status to the "uniformed services" exception than they are to the "federal employees" inclusion of CSRA, so that the

Air National Guardsmen are exempt from the provisions of that Act.

It is also submitted by Defendants that, because Plaintiff concurrently held a status as a member of the Illinois National Guard, he occupied the status of a state militiaman. It is required by 10 U.S.C. § 101(13) that members of the Air National Guard also be "members of the Air National Guard," which is defined in § 101(12):

The term "Air National Guard" means that part of the organized militia of the several States and Territories, Puerto Rico, the Canal Zone, and the District of Columbia, active and inactive, that—

(A) is an air force;

(B) is trained, and has its officers appointed, under the 16th clause of § 8, Article 1, of the Constitution;

(C) is organized, armed, and equipped wholly or partly at federal expense; and

(D) is federally recognized.

Because members of the Air National Guard perform their duty in state militia status under the authority and provisions of 32 U.S.C. § 101 *et seq.*, Defendants contend that Plaintiff was, in this regard, a member of the state militia and was therefore exempt from coverage under Title VII of CSRA because that Act clearly applies only to federal employees.

Defendants claim that their position would not conflict with footnote 3 of *Indiana Air National Guard v. FLRA,* 712 F.2d 1187, 1190 n. 3 (7th Cir.1983), because technicians are federal "civilian" employees under the provisions of 32 U.S.C. § 709(d), and are not in the military status while performing technicians' duty. Defendants argue that Congress' intent in this regard may be inferred from the provisions of the "Military Unions Act," 10 U.S.C. § 976, which was passed in the same year as CSRA. Defendants note that § 976(a)(1) defines a "member of the armed forces" to be:

(A) A member of the armed forces who is serving on active duty,

(B) a member of the National Guard who is serving on full time National Guard duty, or

(C) a member of a reserve component while performing inactive duty training. 10 U.S.C. § 976(a)(1). It is Defendants' position that it would have been inconsistent for Congress within the same year to have prohibited union activities, negotiations, and collective bargaining within the National Guard, but then to have made those same National Guard members subject to the bargaining and grievance provisions of CSRA. According to Defendants, reconciliation of these statutes requires the construction that Congress intended by these acts to prohibit bargaining and negotiations over "military matters," and that such prohibitions extend to military members of the Air National Guard. For this reason, as well as the reasons stated above, Defendants claim that Guard members such as Plaintiff must be exempt from the provisions of Title VII of CSRA as members of the "uniformed services."

Defendants may be correct that it would have been inconsistent for Congress within the same year to have prohibited union activities, negotiations, and collective bargaining with the National Guard through the passage of the "Military Unions Act," 10 U.S.C. § 976, and then to have made the same National Guard members subject to the bargaining and grievance procedures of the CSRA. This argument by Defendants would have some force in this case if, in fact, Plaintiff were complaining that his superiors in the Guard failed to negotiate with him, or failed to allow him access to the grievance procedures of the CSRA. But the fact of the matter is, he is not. Rather, Plaintiff is contending that he was dismissed on the basis of activities prohibited by the CSRA. In other words, Plaintiff is claiming that his substantive rights, not his procedural rights, were violated.

The case law indicates that the Technicians Act, 32 U.S.C. § 709(e) is the exclusive *procedure* for matters dealing with adverse personnel action against a National Guard technician. The courts have held only that the Adjutant General's review authority under § 709(e)(5) constitutes a narrow exception to the general requirements of the CSRA, contained in 5 U.S.C. § 7121, that employers must bargain to establish grievance procedures culminating in final and binding arbitration. *See, California Nat'l Guard v. FLRA*, 697 F.2d 874 (9th Cir.1983); *New Jersey Air Nat'l Guard v. FLRA*, 677 F.2d 276 (3rd Cir. 1982), *cert. denied*, 459 U.S. 988, 103 S.Ct. 343, 74 L.Ed.2d 384 (1982); *State of Nebraska, Military Dept. v. FLRA*, 705 F.2d 945 (8th Cir.1983); *Indiana Air Nat'l Guard v. FLRA*, 712 F.2d 1187 (7th Cir. 1983).

These decisions all acknowledge the narrow scope of this holding, and contain no implication that the Technicians Act preempts any other provisions of the CSRA. *See, e.g., Indiana Air National Guard*, 712 F.2d at 1190 n. 3. Nothing in any of the reported cases implies that a technician such as Plaintiff is stripped of the substantive protections provided by Title VII of the CSRA not to be victimized by unfair labor practices. Rather, National Guard members are only denied access to the customary procedural mechanisms that the Act itself establishes. In fact, in its only statement on the issue, the Seventh Circuit stated that, "National Guard technicians fall within the implicit coverage of the Labor Management Act." *Indiana Air National Guard*, 712 F.2d at 1190 n. 3. As described above, the Seventh Circuit, in *Indiana Air National Guard*, held that § 709(e) of the Technicians Act, 32 U.S.C. § 709(e), is a *narrow* exception to the more general Labor Management Act. *Id.* at 1191. Because Defendants' arguments in this regard fail to overcome the critical substantive/procedural distinction, their arguments fail.

Defendants' arguments that are based upon statutory definitions of "members of the uniformed services" ignore another, crucial, statutory provision. Pursuant to 32 U.S.C. § 709(d), an Air National Guard technician such as Plaintiff is both an employee of the Department of the Air Force and an employee of the United States. Thus, under the definition of "employee" contained in 5 U.S.C. § 7103(a), it would seem that Plaintiff is entitled to the substantive protections of the CSRA.

Defendants request that this Court find that Plaintiff was more analogous to a member of the uniformed services and therefore exempt from the provisions of the CSRA, pursuant to § 7103(a)(2)(B)(ii). Yet, Defendants also acknowledge that Plaintiff, and other members of the Air National Guard, occupied a dual status. It seems that the term "dual status" contains the operative words here. Despite the fact that members of the Air National Guard have some characteristics of members of the uniformed services, they are simultaneously "employees" of the Department of the Air Force and of the United States. 32 U.S.C. § 709(d). Regardless of how many "military" characteristics apply to members of the Air National Guard, those individuals also occupy a civilian status and, in that capacity, must be afforded the protections of the CSRA, with, of course, the exception that the CSRA's negotiation and grievance procedures are unavailable as to matters covered by 32 U.S.C. § 709(e).

Because Plaintiff's claim in this case is not based upon that narrow exception, Defendants' Motion to Dismiss on this ground is DENIED. Defendants provide no basis for the Court to adopt the either/or analysis that they submit, and it would be unwise for this Court to do so. Given the protections that Congress has provided to Air National Guard technicians such as Plaintiff, this Court is without authority to deny Plaintiff those protections. For these reasons, Plaintiff's claim based upon Title VII of the CSRA must stand.

For the foregoing reasons, Defendants' Motion to Dismiss or in the alternative for Summary Judgment, as to Plaintiff's claim under Title VII of the CSRA, is DENIED.